IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20528

RIGHT OF WAY MAINTENANCE COMPANY, doing business as Rowmec

Plaintiff-Appellee

v.

GYRO-TRAC INC; GYRO-TRAC (USA) INC

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-4081

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Right of Way Maintenance Co. ("Rowmec"), a dealer of tree-clearing equipment, sued Gyro-Trac, Inc. and Gyro-Trac (U.S.A.), Inc. (collectively, "Gyro-Trac"), a supplier, for breach of contract and termination of a dealership without cause in violation of Chapter 19 of the Texas Business and Commerce Code ("Chapter 19"). A jury found that Gyro-Trac had breached the contract and terminated the dealership without cause, and awarded Rowmec $3.6 million in damages. Gyro-Trac appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Gyro-Trac argues that the evidence was legally insufficient to support the jury's finding of a breach of contract because Rowmec owed it money and thus the contract had already been breached. Rowmec, however, presented evidence at trial that Gyro-Trac had extended it a $500,000 line of credit and disputed Gyro-Trac's claims that the account balance was above $500,000. Gyro-Trac contends that Rowmec's argument relies on the O'Hagan Binder—admitted as a summary under Federal Rule of Evidence 1006—which was hearsay and should not have been admitted. But Rule 1006 is "a special exception to the hearsay rule," and does not require an authenticating witness. JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 1006.05[4] (Joseph M. McLaughlin ed., 2d ed. 2007). Moreover, although summaries must "accurately reflect the underlying records or testimony," United States v. Taylor, 210 F.3d 311, 315 (5th Cir. 2000), they cannot be excluded simply because they might be inaccurate, WEINSTEIN, supra, § 1006.07[1]. The trial court did not abuse its discretion in admitting the O'Hagan Binder. Gyro-Trac has provided no convincing argument to suggest that the O'Hagan Binder was not admissible as a summary of "'voluminous writings . . . which [could not] conveniently be examined in court.'" See United States v. Stephens, 779 F.2d 232, 239 & n.9 (5th Cir. 1985) (quoting FED. R. EVID. 1006). We also determine that the jury had legally sufficient evidence to find that Gyro-Trac breached the contract.[1]

Next, Gyro-Trac argues that the evidence was legally insufficient to support the damages award. It claims that the opinions of Rowmec's damages expert were unreliable and should have been excluded. Texas law does require that damages be based on "objective data." Helena Chem. Co. v. Wilkins, 47

---

[1] Gyro-Trac also claims that Rowmec waived its breach of contract on a separate consignment machine issue. But Rowmec was never silent about Gyro-Trac's failure to provide consignment machines, and we hold that it never possessed the intent to waive this issue. See Aguiar v. Segal, 167 S.W.3d 443, 451 (Tex. App. 2005).

S.W.3d 486, 505 (Tex. 2001). In calculating damages, the expert relied on six months of actual sales history, purchases of Gyro-Trac machines and competitive machines by established customers of Rowmec, Gyro-Trac's sales projections for the dealership area, and testimony from Rowmec customers as to their buying habits and expected future business. Gyro-Trac does not dispute the methodology of calculating damages, only the predicate facts. There was ample objective data available, and we conclude that the jury had legally sufficient evidence available with which to support its damages award.

Gyro-Trac has several additional arguments, all of which lack merit. It argues that the trial judge erred by submitting jury questions on both breach of contract and Chapter 19 violations because this allowed the jury to award double damages. There is nothing in the damages jury question, however, which would indicate the jury doubled the award. Gyro-Trac also argues that Gyro-Trac, Inc. was not a supplier under Chapter 19. We need not determine what a supplier is under Texas law, however, because Gyro-Trac, Inc. was a signatory on the contract, which the jury found had been breached. Any error in including Gyro-Trac, Inc. under Chapter 19 is therefore harmless, since it would still be liable on the alternative breach of contract. Further, Gyro-Trac claims that the trial judge erred in responding to a jury note, but agrees that the trial judge answered the note's question correctly. There was no abuse of discretion in failing to give a supplemental instruction. Finally, Gyro-Trac argues that it was error to allow a witness, Jon Flournoy, to testify concerning possible fraud. But Flournoy never testified that Gyro-Trac had committed fraud, and any possible errors in admitting his other testimony were harmless.

For the foregoing reasons, the judgment of the district court is AFFIRMED.